[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16529
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00050-CR-001-HL-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTORINO MORALES-PEREZ,
a.k.a. Alejandro Gonzales-Sandoval,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 22, 2009)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Victorino Morales-Perez appeals the 24-month

sentence imposed by the district court for defrauding a financial institution, in violation of 18 U.S.C. § 1344, and illegally reentering the United States, in violation of 8 U.S.C. § 1326(a). After review, we affirm.

## I. BACKGROUND

Morales-Perez, a citizen of Mexico, was a member of an organized ring that traveled to banks, check-cashing stores and other businesses in various states and cashed counterfeit checks using stolen and falsified identification. On April 14, 2006, Morales-Perez cashed a counterfeit check written on the account of Horton Homes, Inc. at the Peoples Bank in Eatonton, Georgia. This counterfeit check was made payable to Ricardo Hernandez in the amount of $1,041.85.

Morales-Perez was required to place a thumb print on the counterfeit check to cash it. Through analysis of the thumb print, law enforcement learned that Morales-Perez had been deported to Mexico on March 25, 2003. Morales-Perez admitted illegally re-entering the country in California on April 23, 2008.

At sentencing, the presentence investigation report ("PSI") recommended a total offense level of eight and a criminal history category of I, yielding an advisory guidelines range of zero to six months' imprisonment.[1] Morales-Perez

---

[1]The PSI assigned a base offense level of eight, pursuant to U.S.S.G. § 2L1.2(a), and added two levels, pursuant to § 3D1.4(a), because Morales-Peres had two counts and his lesser count was within one to four base offense levels of his higher count. The PSI subtracted two levels, pursuant to § 3E1.1(a), for Morales-Perez's acceptance of responsibility, for a total

agreed with these calculations. According to the PSI, Morales-Perez had convictions in 2003 for second degree burglary and resisting a peace officer in California. The PSI also noted that Morales-Perez had admitted initially entering the country illegally in 1999 and, after his deportation, re-entering the country illegally in April 2006 and April 2008.

In mitigation, Morales-Perez explained that he was from a small village in Mexico, where his wife and two small children still reside. He had re-entered the United States to find work as a day laborer to provide for his family. After he was unable to find work for two weeks and was without money or food, he joined the check-cashing scheme out of desperation and was paid only $100.

The district court adopted the PSI's guidelines calculations and the resulting advisory range of zero to six months. However, the district court concluded that, in light of the 18 U.S.C. § 3553(a) factors, an upward variance was warranted "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." The district court stated that the variance would "afford more adequate deterren[ce] to criminal conduct and protect the public from further crimes of this defendant," and noted that Morales-Perez previously had been deported, had made several illegal entries into the country and had committed

offense level of eight.

3

criminal offenses while illegally in the United States. The district court imposed two 24-month concurrent sentences. Morales-Perez filed this appeal.

## II. DISCUSSION

Morales-Perez argues that his 24-month sentence is unreasonable. We review the reasonableness of a sentence for abuse of discretion using a two-step process. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances. Id. The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors. United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006).[2] "Sentences outside the guidelines are not presumed to be unreasonable, but we may take the extent of any variance into our calculus." United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009).

Here, Morales-Perez has not met his burden to show his 24-month sentence was procedurally or substantively unreasonable. Procedurally, the district court

[2]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

stated it had considered the § 3553(a) factors and explained why several of those factors supported an above-guidelines sentence. Thus, the district court satisfied its obligation to state its reasons for the variance. See Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007). Contrary to Morales-Perez's contention, the district court was not required to discuss explicitly the application of each factor. See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

Substantively, the district court's decision to impose an upward variance was reasonable. Morales-Perez has illegally entered this country three times, twice after having been deported. Further, Morales-Perez has twice committed crimes in this country. First, prior to his deportation, Morales-Perez committed burglary and resisted a peace officer in 2003. Second, after deportation, he re-entered the country without authorization and defrauded a bank in 2006. The district court concluded that the upward variance was necessary to deter Morales-Perez from again re-entering the country and committing future crimes here. Under the totality of the circumstances, we cannot say the district court's decision to impose a 24-month sentence, eighteen months above the high end of the advisory guidelines range, was an abuse of discretion.

**AFFIRMED.**